UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAYANN DWAYNE ATKINSON,

                Petitioner,

    v.

DEPARTMENT OF HOMELAND SECURITY, *et al.*,

                Respondents.

CASE NO. 2:25-cv-00484-JHC-GJL

REPORT AND RECOMMENDATION

Noting Date: June 23, 2025

Petitioner Kayan Dwayne Atkinson is currently detained by the United States Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Proceeding *pro se*, Petitioner brings this 28 U.S.C. § 2241 habeas action alleging his detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution.[1] Dkt. 1. Currently before the Court for consideration is Respondent United States Department of Homeland Security's ("DHS") combined Motion to Dismiss the Petition and Return. Dkt. 7.

---

[1] To the extent Petitioner also challenges the validity of his removal from the United States, such a challenge is not properly before this Court and must be filed within a "petition for review in the court of appeals." *Singh v. Gonzales*, 499 F.3d 969, 971 (9th Cir. 2007) ("The REAL ID Act dramatically changed the means for judicial review of an order of removal. The Act provides that a petition for review in the court of appeals is 'the sole and exclusive means for judicial review of an order of removal.'") (quoiting 8 U.S.C. § 1252(a)(5)).

REPORT AND RECOMMENDATION - 1

Upon review, the Court finds Petitioner is not entitled to habeas relief at this time and recommends that the combined Motion to Dismiss and Return (Dkt. 7) be **GRANTED**, the Petition (Dkt. 1) be **DENIED**, and this action be **DISMISSED without prejudice**.

## I.   BACKGROUND

**A.   Immigration Status and Removal Proceedings**

Petitioner is a native and citizen of Jamaica who entered the United States as a lawful permanent resident in May 1992. Dkt. 8 at 1 (Chavez Declaration); *see also* Dkt. 9-1 at 2 (Removal Order); Dkt. 9-3 at 4 (Excerpted A-File, Digital).

On February 5, 2024, Petitioner was served with a Notice to Appear, charging him as removable for multiple criminal convictions "involving moral turpitude, not arising from a single scheme" under 8 U.S.C. § 1227(a)(2)(A)(ii). Dkt. 8 at 2 (Chavez Declaration); *see also* Dkt. 9-1 at 2 (Removal Order). In particular, on September 12, 2002, Petitioner was convicted in Massachusetts of sexual conduct for a fee, in violation of Massachusetts General Laws Chapter 272, Section 53A. Dkt. 8 at 2 (Chavez Declaration); *see also* Dkt. 9-1 at 7 (Removal Order; outlining factual background and arrest underlying this conviction). And, on March 27, 2007, Petitioner was convicted of indecent assault and battery on a person fourteen years of age or older, in violation of Massachusetts General Laws Chapter 265, Section 13H. Dkt. 8 at 2 (Chavez Declaration); *see also* Dkt. 9-1 at 8 (Removal Order; outlining background for this conviction); Dkt. 9-3 at 5 (Excerpted A-File, Digital). Petitioner has also faced multiple other criminal charges, including failure to register as a sex offender, but this additional criminal history was not used as the basis for his removal. Dkt. 8 at 2 (Chavez Declaration); *see also* Dkt. 9-1 at 7–10 (Removal Order); Dkt. 9-3 at 5 (Excerpted A-File, Digital).

On August 30, 2024, an Immigration Judge ("IJ") denied all requested relief from removal by Petitioner—which included denial of proper service of the Notice to Appear and an

application for cancellation of removal—and issued an order for Petitioner's removal to Jamaica. Dkt. 9-1 (Removal Order); Dkt. 8 at 2 (Chavez Declaration). Petitioner appealed the IJ's Removal Order to the Board of Immigration Appeals ("BIA"). Dkt. 9-2 (BIA Decision); Dkt. 8 at 2 (Chavez Declaration). The BIA dismissed Petitioner's appeal, and the Removal Order became final on February 24, 2025. Dkt. 9-2 (BIA Decision); Dkt. 8 at 2 (Chavez Declaration); *see also* 8 U.S.C. § 1101(a)(47)(B)(i) (removal orders become final upon denial of appeal to BIA).

On March 24, 2025, Petitioner sought review of the BIA's decision by the Third Circuit Court of Appeals in *Kayann Atkinson v. U.S. Attorney General*, No. 25-1546 (3rd Cir., filed Mar. 27, 2025). Dkt. 8 at 2–3 (Chavez Declaration). On June 2, 2025, the Third Circuit granted a temporary stay of Petitioner's removal until it could fully consider his request for a stay of removal that was received on March 27, 2025, but not docketed due to an administrative error within the court. *See Adkinson*, No. 25-1546 at Dkts. 16, 17.[2]

**B.      Immigration Detention**

Petitioner was detained by ICE on February 5, 2024, which is the same day he received his Notice to Appear. Dkt. 8 at 2 (Chavez Declaration). Before Petitioner's Removal Order became final, he was detained pursuant to 8 U.S.C. § 1226(c)(1)(B) and may have been statutorily ineligible for bond at that time. *Id.* Although Petitioner initially requested a bond hearing during this period, he withdrew this request on the same day his bond hearing was scheduled. *Id.*

---

[2] The Court may take judicial notice of court filings and other matters of public record related to the Petition. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir. 1998)). The Court does take such judicial notice concerning the temporary stay of Petitioner's removal.

REPORT AND RECOMMENDATION - 3

When Petitioner's removal order became final on February 24, 2025, his detention status shifted from a pre-order detention under 8 U.S.C. § 1226(c) to a post-order detention under 8 U.S.C. § 1231(a)(2). *Id.* (addressing Petitioner's pre-order detention status). Petitioner's detention status shifted once again ninety days later on May 25, 2025, from mandatory post-order detention during the initial removal period under 8 U.S.C. § 1231(a)(2) to discretionary post-order detention following the initial removal period under 8 U.S.C. § 1231(a)(6).

C.  **Federal Habeas Petition**

Petitioner initiated this action for writ of habeas corpus on March 17, 2025, naming DHS as the sole Respondent. Dkt. 1. Following an initial review of the Petition, the Court added the Facility Administrator of the Northwest ICE Processing Center ("NWIPC Administrator") as Respondent and directed the Respondents to show cause why the Petition should not be granted. Dkt. 5.

On April 28, 2025, Respondent DHS filed a combined Motion to Dismiss the Petition and Return.[3] Dkt. 7. In its combined Motion and Return, Respondent DHS argues Petitioner is not entitled to habeas relief from his current immigration detention because, at the time he filed his Petition, he was detained within the mandatory post-order removal period outlined in 8 U.S.C. § 1231(a)(2). *Id.* at 5–6. Respondent DHS further argues that, even if Petitioner's detention continues beyond the initial removal period, he cannot overcome the presumption of reasonableness applicable to discretionary post-order detention or show that his detention will continue for an indefinite period. *Id.* at 7–9.

---

[3] Although it does not impact the outcome recommended herein, the undersigned notes that Respondent NWIPC Administrator has not joined in the combined Motion and Return or otherwise participated in this case. *See docket*. Nevertheless, the Court concludes the Government's interests appear to be sufficiently represented without additional input from this Respondent.

REPORT AND RECOMMENDATION - 4

The deadline for Petitioner to respond in opposition to the combined Motion and Return has elapsed without a response. Dkt. 5 at 2; Local Rules W.D. Wash., LCR 7(d)(4) ("Any opposition papers shall be filed and received by the moving party no later than 21 days after the filing date of the motion."). Thus, the briefing period is now closed, and his Petition and Respondent DHS's combined Motion and Return are ripe for consideration by the Court.

## II. DISCUSSION

The Immigration and Nationality Act ("INA"), codified at 8 U.S.C. §§ 1101 through 1537, governs the detention and release of non-United States citizens during and following their removal procedures. During all stages of removal, the Secretary of Homeland Security ("Secretary") is responsible for detaining noncitizens. *See* Homeland Security Act of 2002, Pub. L. No. 107-296 § 441(2), 116 Stat. 2135, 2192 (2002) (codified at 6 U.S.C. §§ 251, 291).

In this action, Petitioner challenges the constitutionality of his current detention pursuant to 8 U.S.C. § 1231, which takes effect once a final order of removal has been entered by an IJ. The first ninety-day period following the entry of a final removal order is known as the "removal period." 8 U.S.C. § 1231(a)(1)(A). To ensure a noncitizen's presence for removal and to protect the community from dangerous noncitizens who are awaiting removal, the INA mandates detention during the removal period. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the [Secretary] **shall** detain the [noncitizen].") (emphasis added). Once a ninety-day removal period has expired, however, detention of unremoved noncitizens is no longer mandatory; instead, continued detention is committed to the discretion of the Secretary:

> **[A noncitizen] ordered removed who is** inadmissible under section 1182 of this title, **removable under section 1227(a)(1)(c),** 1227(a)(2), 1227(a)(4) of this title, or who has been determined by the [Secretary] to be a risk to the community or unlikely to comply with the order of removal, **may be detained beyond the removal period** and, if released, shall be subject to the terms of supervision in paragraph (3).

REPORT AND RECOMMENDATION - 5

8 U.S.C. § 1231(a)(6) (emphasis added).

In other words, all noncitizens must be detained for the first ninety-days after they are ordered removed from the United States. But, if the Secretary cannot secure a noncitizen's removal within that period, then the Secretary must determine (1) whether the noncitizen has been found "inadmissible" or "removable" under certain statutory provisions, (2) whether they pose a risk to the community, or (3) whether they are unlikely to comply with the removal order upon release. If a noncitizen falls into one of these three categories, then the Secretary has discretion to either continue that noncitizen's detention or release them under supervision.

There is no textual limit on the Secretary's discretion to detain certain noncitizens beyond the initial ninety-day removal period. However, in *Zadvydas v. Davis*, the Supreme Court interpreted § 1231(a)(6) to authorize the detention of noncitizens subject to removal orders only for a period "reasonably necessary to secure [their] removal." 533 U.S 678, 699 (2001). By interpreting the INA in this way, the Supreme Court avoided a "serious constitutional threat" posed by granting the discretionary authority to order noncitizens detained indefinitely and, perhaps, permanently. *Id*.

Under *Zadvydas*, an order of detention during the first six months after entry of a final removal order is presumptively reasonable. *Id.* at 701. After the presumptively reasonable six-month window, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to show removal remains likely within a reasonable timeframe. *Id*. If the Government fails to submit sufficient rebuttal evidence showing the likelihood of removal, then the noncitizen is entitled to habeas relief on the detention order. *Id.*

Petitioner initiated this action during the first ninety days after his Removal Order became final, meaning his Petition challenges the mandatory detention period imposed in 8

U.S.C. § 1231(a)(2). *See supra* (Removal Order was finalized on February 24, 2025, and this action was filed less than a month later on March 17, 2025). But the sort of indefinite detention rejected in *Zadvydas* is readily distinguishable from the definite ninety-day period of detention mandated by 8 U.S.C. § 1231(a)(2). *See Zadvydas*, 533 U.S. at 690–91 (distinguishing statutory detention periods with and without time limitations). On this point, the Ninth Circuit has repeatedly affirmed that mandatory detention during the ninety-day removal period "passes constitutional scrutiny." *See Khotesouvan v. Morones*, 386 F.3d 1299, 1300–01 (9th Cir. 2004) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)); *Rodriguez v. Hayes*, 591 F.3d 1105, 1116 (9th Cir. 2010). This remains the case irrespective of whether a noncitizen's removal after the ninety-day period is reasonably foreseeable. *Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90–day removal period, the district court correctly dismissed the petitions."). As such, Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period.

The Court also observes that, though Petitioner's detention has extended beyond the ninety-day removal period during this litigation, his continued detention remains presumptively reasonable unless and until more than six-months have passed since the finalization of his Removal Order. *Zadvydas*, 533 U.S. at 701. Moreover, Respondent DHS submitted evidence showing that ICE has requested the necessary travel documents to secure Petitioner's removal to Jamaica and, once those documents are obtained, there is no reason to doubt his removal will proceed in the ordinary course.[4] Dkt. 8 at 3 (Chavez Declaration).

---

[4] Respondent DHS filed its Motion and supporting evidence before the Third Circuit issued a temporary stay of Petitioner's removal pending a final determination of whether a stay of removal is warranted. *See* Dkts. 7–9 (Motion and supporting evidence filed April 28, 2025); *Adkinson*, No. 23-2580 at Dkts. 16, 17 (3rd Cir., temporary stay granted Jun. 2, 2025). Nevertheless, Respondent's evidence supports the likelihood of Petitioner's removal once any formal stay on his removal has been lifted.

REPORT AND RECOMMENDATION - 7

1     Therefore, even if the Court were to review a period of detention extending beyond both the ninety-day removal period and presumptively reasonable six-month window, Respondent DHS's evidence demonstrates Petitioner's removal will remain likely within a reasonable timeframe, and there is no evidence or allegation that Petitioner's detention will be impacted by a specific barrier to his removal, lack of diligence by the Government in securing his removal, lack of cooperation from his receiving country, or any other circumstance providing "good reason" to question the likelihood of his removal. *See*, *e.g.*, *Singh v. Whitaker*, 362 F. Supp. 3d 93, 101–02 (W.D.N.Y. 2019) (finding removal unlikely and detention indefinite where the Government was unable to secure necessary travel documents to effectuate removal for more than a year after final order of removal was issued); *Del Toro-Chacon v. Chertoff*, 2008 WL 687445, at *7–8 (W.D. Wash. Mar. 10, 2008) (detention is not indefinite where removal is delayed by a petitioner's challenges to agency decisions and "there is no showing that the government has caused any unreasonable delay"). The evidence presented by Respondent DHS, and the absence of any contrary showing by Petitioner, foreclose a finding that his detention will continue indefinitely.

    At this juncture, the Court finds that Petitioner is not subject to an indefinite period of detention in violation of the Due Process Clause of the Fifth Amendment. Rather, Petitioner's detention complies with both the governing statutory framework and applicable constitutional protections. Thus, Petitioner is not entitled to federal habeas relief at this time.

### III.   CONCLUSION

    For the foregoing reasons, the undersigned recommends that Respondent DHS' combined Motion to Dismiss and Return (Dkt. 7) be **GRANTED**, the Petition (Dkt. 1) be **DENIED**, and this action be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 23, 2025**, as noted in the caption.

Dated this 6th day of June, 2025.

Grady J. Leupold
United States Magistrate Judge